NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLEN SUYAPA SANTOS-CABRERA, AKA Maria Gonzalez-Pacheco, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.   16-71117 Agency No. A098-589-470 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Marlen Suyapa Santos-Cabrera, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's order denying her motion to reopen removal proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Santos-Cabrera's motion to reopen as untimely, where she filed the motion nearly nine years after her in absentia removal order, and has not demonstrated that any exception to the filing deadlines are applicable. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (c)(7)(C)(i).

We reject Santos-Cabrera's contentions that the agency failed to sufficiently consider evidence and arguments, properly consider all factors, or insufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

Santos-Cabrera's contention that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 is unconstitutional lacks merit. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002) (limitations by country of origin on the availability of special rule cancellation of removal do not violate equal protection).

To the extent Santos-Cabrera challenges the agency's discretionary decision not to reopen proceedings sua sponte, we lack jurisdiction to review this

16-71117

determination absent a claim of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

Because the untimeliness determination is dispositive, we do not reach Santos-Cabrera's remaining contentions regarding eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.